IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PIERCE LANDRUM GROCE,

    Petitioner,

v.

KATHLEEN PROSPER,

    Respondent.

No. C 06-3417 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

(Docket nos. 8, 9)

## INTRODUCTION

Petitioner Pierce Landrum Groce, a state prisoner incarcerated at the California Correctional Center, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 16, 2006, the Court issued an Order to Show Cause directing Respondent to answer the instant petition.

On December 13, 2006, Respondent moved to dismiss the petition for failure to exhaust Petitioner's available state judicial remedies (docket no. 8).  Petitioner did not file an opposition.[1]

For the reasons discussed below, the Court hereby GRANTS Respondent's Motion to Dismiss.

## BACKGROUND

According to the allegations in the petition, Petitioner pled no contest to second degree burglary.  On July 14, 1998, the Alameda County Superior Court sentenced him to three years in prison.  On October 5, 1999, Groce was released on parole for a period of three years.  In January, 2001, the California Department of Corrections extended his parole period from three years to four years.

In 2004, Petitioner filed a petition for a writ of habeas corpus with the Alameda County Superior Court challenging the execution of his sentence.  He alleged that he was being kept in

---

[1] Petitioner's opposition was due on January 30, 2007.  (Oct. 16, 2006 Order to Show Cause at 2.)  On March 2, 2007, Petitioner filed a document entitled "Motion for Review of Decision and Court-Order Release on March 2, 2007 (docket no. 9).  Nowhere in this document does Petitioner address Respondent's Motion to Dismiss.  To date, Petitioner has not filed his opposition.

custody unlawfully because he had already completed his sentence and available parole violation terms. The court denied the petition on January 5, 2005.

On May 25, 2006, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that he filed petitions for writ of habeas corpus in state courts raising this issue before filing this action.

Respondent argues that Petitioner did not exhaust his federal claim in the California Supreme Court.

## **DISCUSSION**

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In support of Respondent's allegations that Petitioner failed to exhaust his state judicial remedies, Respondent first argues that Petitioner wrote "N/A" in response to the question addressing the additional relief sought in the state courts. (Mot. to Dismiss at 3 [citing Pet. at 4-5].) Respondent has also attached an exhibit showing that the California Supreme Court's official website generated a "printout of California Supreme Court cases filed by a party named 'Groce' confirm[ing] that Groce did not file a related petition in that court." (Resp't Ex. 3.)

The Court finds that the record shows Petitioner failed to exhaust his available state judicial remedies before seeking federal habeas relief. Petitioner only sought relief from the Alameda County Superior Court before filing his petition in federal court. Because Petitioner did not present his claims to the California Court of Appeal and the California Supreme Court for review (either in direct review or in a state petition for a writ of habeas corpus), the Court finds that his federal petition is unexhausted.

2

1   Accordingly, Respondent's motion to dismiss is GRANTED, and the petition is DISMISSED
2   as unexhausted. This dismissal is without prejudice to Petitioner returning to state court to exhaust
3   his state judicial remedies and then filing a new federal habeas corpus petition. Should he do so, he
4   is advised to file his new federal habeas corpus petition as soon as possible after his state court
5   proceedings have concluded. The Court makes no ruling at this time on the issue of the timeliness of
6   any future federal petition.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (docket no. 8) is GRANTED, and the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE as unexhausted. The Clerk of the Court terminate as moot all pending motions, including Petitioner's "Motion for Review of Decision and Court-Order Release" (docket no. 9). The Clerk shall enter judgment and close the file.

This Order terminates Docket nos. 8 and 9.

IT IS SO ORDERED.

DATED: 7/23/07

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PIERCE LANDRUM GROCE,

    Plaintiff,

v.

CHARLES C PLUMMER et al,

    Defendant.
                        /

Case Number: CV06-03417 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 23, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pierce Landrum Groce P05958
CA Substance Abuse Treatment Facility
Corcoran State Prison
SPG GYM 215M
Corcoran, CA 93212

Dated: July 23, 2007
Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

4